UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Federal Deposit Insurance Corp, as Receiver for Irwin Union Bank and Trust Company,<br><br>    Plaintiff,<br><br>v.<br><br>Red Hot Corner, LLC, a Nevada Limited Liability Company, et al.,<br><br>    Defendants. | Case No. 2:11-cv-1283-JAD-PAL<br><br>**Order Denying Motion to Substitute Party [139]; Dismissing Claims Against John Woodrum; and Granting Joint Motion to Dismiss Claims Between All Parties Except Ellen Woodrum [Doc. 143]** |

    A settlement was reached between Plaintiff FDIC, as Receiver for Irwin Union Bank and Trust Company; and defendants/counterclaimants Red Hot Corner, LLC, Joseph A. Kennedy, individually and as Trustee of the Kennedy Family Trust, and Richard Tavano ("the Settling Defendants"). Doc. 143. The settlement leaves claims only against Ellen and John Woodrum, individually and as trustees of the Woodrum Family Trust. *Id*. Plaintiff and the Settling Defendants jointly move this court to dismiss their claims against one another under FRCP 41(a)(2). *Id*. No opposition was filed. Doc. 145. Accordingly, good cause appears to dismiss the claims by and between the Plaintiff and the Settling Defendants under FRCP 41(a)(2).

    A wrinkle in the FDIC's remaining claims against the Woodrum defendants is the January 2014 death of John Woodrum. His counsel promptly filed a suggestion of death on January 17, 2014. Doc. 130. Four months later, the FDIC filed a motion to substitute Mr. Woodrum's representative as the proper defendant. Doc. 139. But FRCP 25(a)(1) provides, "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the

decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).  And, as Woodrum counsel points out in the opposition to the motion to substitute, the FDIC's motion to substitute was more than a month late. Doc. 141 at 2.  Thus, Rule 25(a)(1) requires the dismissal of the FDIC's claims against Mr. Woodrum.

Accordingly, and with good cause appearing,

IT IS HEREBY ORDERED that the Motion to Substitute Party **[#139] is DENIED**; all claims against John Woodrum are hereby DISMISSED;

IT IS FURTHER ORDERED that the Joint Motion to Dismiss **[#143] is GRANTED**; Plaintiff's claims against the Settling Defendants are DISMISSED with prejudice, each party to bear its own fees and costs; the Settling Defendants' claims against Plaintiff are DISMISSED with prejudice, each party to bear its own fees and costs; the only claims remaining in this case are the FDIC's claims against EllenWoodrum.

DATED: August 27, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE