UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Federal Deposit Insurance Corp, as Receiver for Irwin Union Bank and Trust Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Red Hot Corner, LLC, a Nevada Limited Liability Company, et al.,<br><br>　　　　Defendants. | Case No. 2:11-cv-1283-JAD-PAL<br><br>**Order Granting Plaintiff's Motion for Reconsideration [Doc. 147] and Ordering Supplemental Suggestion of Death** |

　　　　A settlement between the FDIC (as receiver for Irwin Union Bank and Trust Company) and most defendants left claims pending only against Ellen and John Woodrum, individually and as trustees of the Woodrum Family Trust. *Id*. Counsel for John Woodrum filed a suggestion of death upon the record on January 17, 2014. Doc. 130. Four months later, the FDIC moved to substitute the estate as the proper defendant. Doc. 139. I denied the motion and dismissed the claims against Mr. Woodrum under Rule 25(a) of the Federal Rules of Civil Procedure because the FDIC waited more than 120 days after the suggestion of death to move to substitute Mr. Woodrum's estate as the proper defendant, and Rule 25(a) mandates dismissal of the claims against a decedent if the substitution motion is not made within 90 days of service of the suggestion. Doc. 146; Fed. R. Civ. P. 25(a).

　　　　The FDIC now asks me to reconsider that ruling on the basis that an automatic bankruptcy stay extended its 90-day deadline. Doc. 147.[1] The impact of a stay on the timing of the motion—particularly in light of the unequivocal, mandatory 90-day deadline for substitution motions under Rule 25(a)—is a material point (perhaps *the most* material point) and one that I expect I would have thoughtfully considered in deciding this motion. But as the FDIC notes, I did not take the stay into consideration when evaluating the timeliness of

---

[1] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-2.

its substitution motion. Doc. 147. Further investigation has revealed the reason for this lapse: this central and material point was buried in a footnote midway into the FDIC's motion. Doc. 137 at 3, n.1. Relegating substantive arguments to footnotes is dangerous business: it risks the court overlooking an important point,[2] as I did here.

## Discussion

**A.     Reconsideration is Warranted.**

Although the federal rules do not expressly authorize motions for reconsideration, requests for review of interlocutory orders are commonly entertained under Federal Rules of Civil Procedure 59(e) and 60(b).[3] Rule 60(b) allows a district court to give relief from a final order due to "mistake, inadvertence, surprise, or excusable neglect."[4] Inadvertence—or surprise—is precisely what the court is guilty of here. Although FRCP 25(a)(1) set a 90-day time limit on the FDIC's substitution request,[5] the combination of the automatic stay and 11 U.S.C. § 108(c) extended those 90 days until 30 days after the expiration of the bankruptcy stay, and I did not consider this impact in my August 27th order.[6] The Woodrum defendants'

---

[2] As Judge Pechman astutely expressed in *Bach v. Forever Living Products U.S., Inc.,* 473 F. Supp. 2d 1127, 1131-32 (W.D. Wash. 2007), "The practice of putting substantive material in footnotes provides difficult reading for the Court and is used by the parties to avoid the page limitations in the local rules. It is also poor advocacy: a request in a footnote is much more likely to be overlooked or missed by the Court. If an argument is worth making, a party should put the argument in the body of its brief."

[3] The FDIC relies on Rule 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." *Id.* Federal courts have used Rule 59(e) to entertain "matters properly encompassed in a decision on the merits" when filed within 10 days of the entry of judgment. *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267 (1988) (quotation omitted). The rule's narrow purpose is for the district court "to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Because I ordered no separate judgment to be entered against John Woodrum in this case, the FDIC's motion for reconsideration must be construed under Rule 60(b), not 59(e).

[4] Fed. R. Civ. Proc. 60(b)(1).

[5] *Id.*

[6] 11 U.S.C. § 108(c)("if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay . . . with respect to such claim.").

1  Chapter 13 bankruptcy petition was filed on December 31, 2013, prior to the January 17,
2  2014, suggestion of death. Doc. 139 at 3 & n.1. The stay expired on May 20, 2014, when
3  the bankruptcy case was dismissed. *Id.* at 3-4 n.1. The FDIC moved for substitution on May
4  22, 2014—well within its extended 30-day period after expiration of the bankruptcy stay.
5  The FDIC's motion was thus timely, and I grant the FDIC's motion for reconsideration of my
6  August 27, 2014, order and vacate it.

**B.     Additional Information is Needed from the Woodrum Defendants.**

Before I can enter an order substituting Mr. Woodrum's estate or other successor in his stead, I need additional information from the Woodrum defendants. A party who files a suggestion of death may be required to supply "the name and proper party to be substituted,"[7] and even if the party is unknown, may be required to make a reasonable inquiry into the name and whereabouts of a decedent's successor.[8] Counsel for the Woodrum defendants filed the suggestion of death but did not include any information about the decedent's successor. *See* Doc. 130. The FDIC suggests in its reply to the motion for reconsideration that the Woodrum defendants may have been silent because Mrs. Woodrum—John Woodrum's wife—may be his successor-in-interest. Instead of speculating, I order counsel for the Woodrum defendants who filed the suggestion of death to file a supplement to the suggestion within 15 days that indicates (1) whether John Woodrum's successor is known and disclosing the name and address of the successor if known; or (2) if the successor is unknown, what efforts have been made to locate the successor and why those efforts have been futile. The FDIC will then have 20 days to file a renewed motion to substitute Mr. Woodrum's successor.

**Conclusion**

Accordingly, it is HEREBY ORDERED that the FDIC's Motion for Reconsideration [Doc. 147] is **GRANTED**. The August 27, 2014, Order **[Doc. 146] is hereby VACATED**;

---

[7] *United States v. Seventy-One Firearms*, 2006 WL 1983240, at *2 (D. Nev. July 13, 2006) (citing *Cardoza v. First Sec. Mortgage*, 111 B.R. 906, 909 (Bankr.S.D. Cal. 1990)).

[8] *See In re MGM Mirage Securities Litig.*, 282 F.R.D. 600, 603-04 (D. Nev. 2012).

It is FURTHER ORDERED that counsel for the Woodrum defendants must file a Supplement to the Suggestion within 15 days that indicates (1) whether John Woodrum's successor is known and disclosing the name and address of the successor if known; or (2) if the successor is unknown, what efforts have been made to locate the successor and why those efforts have been futile.  The FDIC shall have 20 days from the filing of the supplement to file a renewed motion to substitute Mr. Woodrum's successor; the FDIC's original motion **[Doc. 139] is therefore DENIED** without prejudice.

DATED: October 22, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE