# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Federal Deposit Insurance Corp, as Receiver for Irwin Union Bank and Trust Company,<br><br>Plaintiff,<br><br>v.<br><br>Red Hot Corner, LLC, a Nevada Limited Liability Company, et al.,<br><br>Defendants. | Case No. 2:11-cv-1283-JAD-PAL<br><br>**Order Granting Plaintiff's Renewed Motion to Substitute [Doc. 155]** |

A settlement between the FDIC (as receiver for Irwin Union Bank and Trust Company) and most defendants has left claims in this case pending only against Ellen and John Woodrum, individually and as trustees of the Woodrum Family Trust. *Id.* After the Woodrum Defendants filed a Rule 25(a) suggestion of John Woodrum's death, Doc. 130, the FDIC moved to substitute, Doc. 139, a motion I ultimately granted upon reconsideration on October 22, 2014. Doc. 153. In my order, I instructed the Woodrum Defendants to supplement their suggestion of death to state "whether John Woodrum's successor is known and disclosing the name and address of the successor if known" within 15 days of the order. Doc. 153 at 4. I permitted the FDIC to re-urge its motion to substitute within 20 days of the Woodrum Defendants' supplemental filing. *Id.*

On October 29, 2014, the Woodrum Defendants duly filed a supplement to their suggestion of death, indicating that "Ellen Woodrum is the successor to John Woodrum." Doc. 154 at 2. The same day, the FDIC then filed its renewed motion to substitute Ellen Woodrum as representative of John Woodrum's estate to defend against the FDIC's claims against Mr. Woodrum. Doc. 155 at 5. The Woodrums filed no response—a fact the FDIC points out in its reply. Doc. 157.

Federal Rule of Civil Procedure 25(a) permits "substitution of the proper party" in the

event of death. *Id.* The FDIC's original substitution motion was timely filed as any substitution was stayed as a result of the Woodrums' bankruptcy proceedings, 11 U.S.C. § 108(c), and its renewed motion was filed within the time-frame specified in my prior order at Doc. 153. Local Rule 7-2(d) provides that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." *Id.* The Woodrum Defendants failed to oppose the FDIC's motion, which I find has merit and should be granted.

## Conclusion

Accordingly, and for good cause appearing, it is HEREBY ORDERED that the FDIC's Renewed Motion to Substitute **[Doc. 155] is GRANTED**. Ellen Woodrum, as representative of the Estate of John Woodrum, will be substituted in the stead of the now-deceased John Woodrum.

DATED: December 3, 2014.

_____
Jennifer A. Dorsey
United States District Judge